NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JESUS ROLANDO TOGABA, *Appellant*.

No. 1 CA-CR 24-0362

FILED 03-31-2026

Appeal from the Superior Court in Maricopa County
No. CR2021-131378-001
The Honorable Michael W. Kemp, Judge, *Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zhivago Law, Phoenix
By Kerrie M. Droban Zhivago
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision in which Presiding Judge Daniel J. Kiley and Judge Cynthia J. Bailey joined.

---

**W I L L I A M S,** Judge:

¶1        Jesus Rolando Togaba appeals his convictions and sentences for six counts of sexual conduct with a minor, three counts of sexual abuse, and one count of attempt to commit sexual conduct with a minor. Togaba's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that after a diligent search of the record, she found no arguable questions of law. Counsel asks us to search the record for reversible error. This court granted Togaba the opportunity to file a supplemental brief, but he did not do so. Having reviewed the record, we affirm Togaba's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        We view the evidence in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Togaba. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        In 2012, Togaba met G.C. and began a romantic relationship. A few months later, G.C. and her two daughters, R.C. (born in 2004) and G.N. (born in 2006), moved in with Togaba. In 2014, Togaba and G.C. married.

¶4        When R.C. was in sixth grade, age 11 or 12, Togaba removed her clothing and touched her breast (manually) and genitals (manually and orally). He also "grabbed" her hand and "forc[ed]" her to touch his genitals. When R.C. was in seventh grade, age 13 or 14, Togaba again touched her breasts (manually). When G.N. was age 11 or 12, Togaba removed her clothing and touched her breasts (manually and orally) and genitals (manually and orally). In August 2021, when G.N. was fourteen years old, Togaba touched her genitals (orally). He also took her hand and placed it on his genitals.

¶5        On August 21, 2021, R.C.'s and G.N.'s maternal aunt visited their home and saw R.C. crying in her bedroom. The aunt questioned why R.C. was upset, and R.C. initially refused to discuss the matter, stating only

"it was something very hurtful." Because G.C. "was in the room" and the aunt suspected R.C. did not want to share the "hurtful" information with her mother, she decided to type a message for R.C. on her phone, disclosing that she had been sexually abused as a child. When the aunt showed the message to R.C. and asked whether something similar had happened to her, R.C. "shook her head yes." The aunt then showed the same message to G.N., and G.N. told the aunt she also had been abused, identifying Togaba as her abuser.

¶6         The aunt called the police, and a police officer interviewed G.C., R.C., and G.N. Because G.N. reported that an incident with Togaba had occurred recently, a nurse examined her and recovered Togaba's DNA from her breast. A detective also interviewed Togaba who admitted to an incident of oral contact with G.N.'s genitals.

¶7         The State charged Togaba with seven counts of sexual conduct with a minor (Counts 1, 2, 3, 4, 7, 8, and 12), class 2 felonies; four counts of sexual abuse (Counts 5, 6, 10, and 11), three class 3 felonies (Counts 5, 6, and 10) and one class 5 felony (Count 11); and one count of attempt to commit sexual conduct with a minor (Count 9), a class 2 felony. *See* A.R.S. §§ 13-1405 (sexual conduct with a minor); -1404 (sexual abuse); -1001 (attempt). Apart from Counts 11 and 12, the offenses were designated as dangerous crimes against children. *See* A.R.S. § 13-705(T)(1)(a)(v) and (x).

¶8         The superior court held a five-day trial. At the close of the State's case-in-chief, Togaba moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20, which the court denied. The State then moved to dismiss Counts 11 and 12, which the court granted.

¶9         The jury found Togaba guilty of the remaining charges. The jury further found that the victims were under 15 years of age when Togaba committed Counts 1, 2, 3, 4, 5, 6, 9, and 10 and R.C. was 12 years old or younger when Togaba (18 years of age or older) committed Counts 7 and 8.

¶10        The superior court sentenced Togaba to a presumptive term of 20 years' imprisonment on Count 1 (with 1,038 days presentence incarceration credit); presumptive terms of 20 years' imprisonment on Counts 2, 3, and 4; presumptive terms of 5 years' imprisonment on Counts 5, 6, and 10; life sentences with the possibility of early release after 35 years on Counts 7 and 8; and a presumptive term of 10 years' imprisonment on Count 9. *See* A.R.S. § 13-705(B), (E), (H), and (M). The court ordered all 10 counts to be served consecutively.

**¶11** Togaba timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶12** We have read and considered counsel's brief and have reviewed the record for arguable issues of reversible error. *See Leon*, 104 Ariz. at 300. Togaba has not established reversible error.

**¶13** The record reflects that the superior court conducted the proceedings in compliance with the Arizona Rules of Criminal Procedure and afforded Togaba all his constitutional and statutory rights. Togaba was represented by counsel at all critical stages and the evidence presented at trial was sufficient to support the verdicts. The jury was properly composed and instructed, and there is no evidence of juror misconduct. Togaba's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶14** We affirm Togaba's conviction and sentence. Unless defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review, her obligations regarding Togaba's appeal will end after informing Togaba of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). The court, of its own accord, grants Togaba thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or a petition for review in the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.3(a), 31.20(c), 31.21(b)(2)(A).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR